IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-708-GCM

| | | |
|---|---|---|
| FELICIA MARCHMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SECURITAS SECURITY SERVICES USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER comes before the Court on Defendant's Motion For Sanctions Pursuant to Rule 37(b) [Doc. No. 21], Plaintiff's response [Doc. No. 23], and Defendant's reply [Doc. No. 25]. The matter, fully briefed by both parties, is ripe for determination. For the reasons set forth below, the Court will DENY Defendant's Motion for Sanctions but will again direct Plaintiff to respond fully and completely to the discovery propounded by the Defendant.

On March 25, 2013, Defendant filed a Motion to Compel Discovery [Doc. No. 15]. By Order dated April 15, 2013, the undersigned granted Defendant's motion and directed Plaintiff to fully and completely respond to the Defendant's discovery requests within twenty (20) days of the April 15, 2013 Order. In that Order, the Court noted that "Plaintiff waived her right to object when she failed to timely respond to the discovery requests." [Doc. No. 19]. Later that same day, after the Court's Order, Plaintiff filed a Surreply titled, "Plaintiff's Response to Defendant's Reply in Support of Its Motion to Compel Discovery Responses and for Sanctions." [Doc. No. 20]. With her Surreply, Plaintiff produced nine additional pages of responsive documents. Defendant contends however that the supplemental documents produced did not fully and

1

completely respond to Defendant's discovery requests nor did Plaintiff specify to which interrogatories and/or requests for production the supplemental documents responded. As a result, Defendant has filed the instant motion for sanctions. Plaintiff contends that she has fully and completely responded to Defendant's interrogatories and requests for documents. [Doc. No. 23].

First, the Court will address Plaintiff's argument that the Court should disregard Defendant's motion because Defendant failed to comply with the rule requiring that parties meet and confer in accordance with Federal Rules of Civil Procedure 37(a)(1) and 37(d)(1)(B). Defendant has not failed to comply with these rules. Indeed, local rule 7.1(B) provides that "[c]onsultation is not required where the moving party is represented and the non-moving party is unrepresented."

Next, Plaintiff contends that she has "clearly provided documents, made objections and provided written responses to the Defendant's requests" and argues that she has fully complied with Defendant's discovery requests. [Doc. No. 23 at 3]. Plaintiff also contends that her prior use of the phrase "preliminary responses" "merely means that "she sees the discovery process as a continuing process until such time as discovery ends on July 1, 2013. At that time, any information that has not been provided by Plaintiff during the discovery process and was in fact, discoverable will be subject to Rule 37(c)." [*Id.*].

In the event that the Court was not clear in its previous Order, Plaintiff's failure to timely respond to Defendant's discovery requests has resulted in Plaintiff having waived her right to object to the discovery at issue. Therefore, Plaintiff may NOT object to the pending discovery, but instead, must fully and completely respond to said discovery. Next, the discovery deadline in the case management order is the date by which all discovery must be concluded. Plaintiff does

not have until the discovery cutoff to respond to specific discovery requests unless the requests are filed within thirty days of the discovery cutoff. *See F.R.C.P. 33 and 34*. Further Rule 26(e) requires that a party supplement its response if the party learns that the response is incomplete or incorrect. It is not the Court's role to be educating the Plaintiff on the rules regarding discovery. If Plaintiff needs the assistance of counsel, the Court urges Plaintiff to engage counsel in this matter.

The Court is not convinced that Plaintiff is being malicious in her failure to fully to respond to Defendant's discovery requests, but believes Plaintiff may be confused regarding the discovery rules. The Court has now taken the time to explain some of the relevant discovery rules. To the extend the Plaintiff continues to violate this Court's Order by failing to fully respond to Defendant's discovery requests, the Court will order the Plaintiff to come to Court and show cause why sanctions, including dismissal of her case, should not be imposed against her.

The Court will allow Plaintiff an additional twenty (20) days from the date of this Order to fully comply with Defendant's discovery requests at issue as fully outlined in Defendant's reply brief. [Doc. No. 25]. Failure to so respond will result in this Court ordering Plaintiff to show cause why she should not be sanction and/or her case dismissed. Defendant's Motion for Sanctions [Doc. No. 21] is DENIED. Plaintiff is directed to fully and completely respond Defendant's outstanding discovery requests, as outlined in Defendant's reply brief, no later than twenty (20) days of the date of this Order.

Signed: May 31, 2013

Graham C. Mullen
United States District Judge